GEORGE FISHER, Plaintiff in Error,

*vs.*

GEORGE JACOB FISHER, Defendant in Error,

AND

JACOB FISHER, Plaintiff in Error,

*vs.*

GEORGE JACOB FISHER, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF RACINE COUNTY.

It is not the practice to order a nonsuit upon the opening statement of the plaintiff's counsel, on the assumed insufficiency of the facts stated, to a recovery in the action.

The evidence introduced under such opening might, from the peculiar circumstances of the case, have warranted a recovery; and it is upon the insufficiency of the evidence itself, when introduced, that the nonsuit should be ordered.

Where a son continued to reside with, and labor for his father, after arriving at the age of majority, there may be circumstances, short of an express promise on the part of the father, entitling the son to recover for such services.

THESE two cases were of the same nature; the plaintiffs being sons of the defendant, and severally suing to recover for services rendered their father, after arriving at the age of majority, and while continuing to reside with him.

The facts are sufficiently stated in the opinion of the court.

*By the Court*, COLE, J. In opening this cause to the court and jury in the Circuit Court, the counsel for the plaintiff in error (who was plaintiff below), stated in substance, that the action was brought to recover for the labor and services rendered by the plaintiff for the defendant, after the plaintiff had arrived at the age of twenty-one years; that the defendant was the father

of the plaintiff, and that the plaintiff arrived at the age of twenty-one years in the year 1848, and that from that time until August, 1854, he continued to reside with, and labor for his father, the defendant, as a servant, the same as before arriving at majority; that during that time he received his board and clothing from the defendant, but no other payment for his services, except some small amount; that during that time the defendant was engaged in carrying on a grocery business, in the city of Racine, in working a farm, and teaming; and that the plaintiff worked in these several branches of business, as directed by the defendant.

And that at times during said period, he hired the plaintiff out to work on the public works carried on at different times, in and about the city of Racine, and took the payment for said services; and that the defendant, by these means, and the assistance and labor of the plaintiff and another son, had been raised from poverty to comparative affluence; and that the action was prosecuted to recover what might be justly due the plaintiff from the defendant in the premises.

Upon this statement of the cause of action being made, the defendant's counsel, before any evidence was given in the cause, moved for a nonsuit, for the reason that the plaintiff did not propose to prove any express promise on the part of the defendant, to pay the plaintiff for said services, and insisting that, under the circumstances stated, the law would not imply a promise to pay for them.

The Circuit Court held that the plaintiff could not recover upon the case, as stated by his counsel; that no promise to pay for such services could be implied, and that without proof of an express promise to pay, no recovery could be had; and the counsel for the plaintiff stating that he had no proof to show an express promise, the court nonsuited the plaintiff.

It would, undoubtedly, be very convenient, and might frequently save the expense and delay of a long trial, were counsel to state in their opening, their case precisely as it could be established by competent evidence, and then take the opinion of the court as to whether the action would lie. And when the

trying of causes is confined to old and experienced counsel, there might not be much objection to such a practice. But we are not aware that the practice of granting a nonsuit upon the opening of counsel has obtained to any extent in this state; and, considering the peculiar circumstances of our people, and the fact that many important causes are necessarily intrusted to inexperienced practitioners, we are of the opinion that the adoption of such a rule of practice would be dangerous to the rights of parties, and we, therefore, are not prepared to sanction it.

We deem it proper for us to make another remark upon this case. And that is, in our opinion, the plaintiff might have established his right to a recovery, even under the opening statement of his counsel. But to have done this, it would manifestly have been incumbent upon him to show that the ordinary relation of child and parent did not subsist between him and the defendant, and that it was the understanding of the parties that he should have compensation for these services. 5 *Watts & Serg.* 513; 16 *W. R.* 150; 17 *id.* 556; 3 *Cow. R.* 312.

The plaintiff might have shown, to the satisfaction of any jury, that by the course of dealing between him and the defendant, as for instance, that they kept books of account, or had had settlements, or acts of this kind, that the relation of debtor and creditor subsisted between them; and that it was not intended or expected that these services should be rendered gratuitously. Evidence of this character might have been given, so clear and conclusive as to have authorized the jury in finding for the plaintiff.

The judgment of the court below is reversed, and a new trial ordered.