## PELLAGE VS. PELLAGE.

PRACTICE. (1, 2) *Powers of court commissioners in extending time for settling bill of exceptions.* (3) *Amendment to complaint, allowed where defendant is not surprised or injured.*

PARENT AND CHILD: (4) *Contract for payment of services not implied.* (5) *Rule as to evidence of such contract.* (6) *Mere expectation of compensation insufficient.*

1. Under the statutes of this state, the judge at chambers or a court commissioner has power, after the statutory time for settling a bill of exceptions has expired, to make an order granting leave to serve and settle the same within some further time therein specified; and this power may properly be exercised where the delay is satisfactorily excused. *Kelly v. Fond du Lac,* 29 Wis., 439, followed.

2. Where an order so extending for thirty days the time for settling a bill of exceptions was made upon terms that appellant should pay the costs of the motion within five days, the commissioner had power, upon the lapse of the five days, to extend the time for such payment, and might properly do so on being satisfied that the failure to pay within the time originally fixed resulted from a mistake of appellant's attorney as to the date of the order.

3. In an action by a son against his father for services rendered to defendant by plaintiff after becoming of age, the complaint averred that

Pellage vs. Pellage.

the services were rendered upon a promise by defendant to pay therefor what they were reasonably worth. During the trial, plaintiff was permitted to amend by averring a promise to pay him him a *definite sum* per year in addition to his board and necessary clothing, and that such payments should not prejudice plaintiff's right to share equally with the other heirs in the estate of defendant on the death of the latter. *Held*, that the amendment was properly allowed, it not appearing that defendant was surprised or in any way injured thereby.

4. From the mere fact that a son, residing at home with his father after becoming of age, renders him services, the law will not imply any contract to pay therefor.

5. The evidence of a contract to pay in such a case must be positive and direct. It must be such as will warrant a jury in finding that there was an *express* agreement to that effect.

6. Where instructions stating the law substantially as stated in the foregoing proposition, were refused, on the ground that if they were given "the jury might think it necessary to prove an *express* promise," and the jury were charged "that if plaintiff, after he became of age, continued to work with his father *with the expectation and understanding on the part of both of them* that he was to receive compensation, he was entitled to recover; otherwise not:" *Held*, that the instructions were liable to mislead, and the judgment (in plaintiff's favor) must be reversed.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff, *George F. Pellage*, brought his action against his father, *John H. Pellage*, to recover compensation for services rendered in managing and working defendant's farm after plaintiff became of age. The case is fully stated in the opinion. Verdict and judgment for plaintiff; and defendant appealed.

*Francis Massing*, for appellant, argued that the amendment to the complaint, which was allowed on the day of trial and three years after issue joined, changed the cause of action so materially as to take defendant by surprise, and the judgment on that ground alone should be reversed. As to the instructions asked by the defendant and refused by the court, counsel contended that, plaintiff having relied upon an express

promise, the jury must find that or none. No promise can be implied so long as the relations of father and son have not been severed.

*Wm. F. Vilas*, for respondent, contended that the amendment to the complaint did not change the cause of action, but related only to the *quantum* of damages, presenting the double phase of such cases under the common law practice, where if the jury did not find the fixed rate, plaintiff might still recover upon the *quantum meruit. Whitney v. Ch. & N. W. R. W. Co.*, 27 Wis., 327. The allowance of the amendment was discretionary, and appellant having averred no surprise or injury, can not complain that it was not just. The first instruction asked by defendant and refused, was clearly erroneous because it contained the words "what he was to receive as compensation." It was enough that plaintiff showed an agreement that he should be paid for his services; and, in the absence of a stipulated price, he was entitled to recover what they were reasonably worth.

COLE, J. A motion was made to strike out the bill of exceptions in this case, which was not decided when the cause was reached in its order for argument. The cause was however argued and submitted upon the understanding that it was without prejudice to the motion already made. The questions arising upon the motion, therefore, are first to be considered.

The ground of the motion to strike out the bill is, in substance, that it was not served and settled in time, and that there was no valid order made enlarging the time for settling the same. Written notice of the entry of judgment was given by the plaintiff on the 11th of December, 1871. On the 20th of February, 1872, the defendant, upon affidavits, obtained from a court commissioner an order to show cause why the time for settling the bill should not be enlarged thirty days from the hearing of the motion to show cause. And upon the hearing of this latter motion, on the 2d day of March, the commissioner

granted an order that the time for serving the bill of exceptions and the amendments thereto, and for settling the same, be enlarged for thirty days from that date, upon the payment by the defendant to the plaintiff's attorney of ten dollars costs of the motion within five days from that date. It satisfactorily appears that, owing to a mistake of the defendant's attorney as to the actual date of the order enlarging the time, the ten dollars were not paid within five days from the 2d of March; but, upon cause shown, the commissioner granted another order extending the time for paying the ten dollars until the 13th of March; and it is conceded that the money was left at the office of the plaintiff's attorney before the 13th, who refused to receive it because it was not paid in compliance with the order bearing date March 2d.

It is now claimed in support of the motion to strike out the bill, that, as the time had fully elapsed before the application was made to the commissioner, he had no power to act in the matter. Where the power is given the judge at chambers, or court commissioner, to enlarge the time for serving exceptions and amendments, the statute, it is said, only confers the power to extend the time before it has expired; but when the limitation has run, the power is gone. Such, it is claimed, have been the decisions in New York under a similar provision. This court has decided otherwise. In the case of *Kelley v. The Town of Fond du Lac* (29 Wis., 439), this precise question was presented for adjudication, and it was held that the power of a judge or court commissioner to grant leave to serve and settle a bill of exceptions after the time had expired was clearly given by the statute, and that it was proper to exercise that power when the delay was satisfactorily excused. That decision is decisive upon this question of practice.

Again it is said, conceding that the commissioner had the power to enlarge the time, he acted erroneously in granting the order upon the affidavits presented. But upon that point we only deem it necessary to say that to our minds the facts

.and circumstances stated in the affidavits present a case fully justifying the granting of the order. The delay in preparing the bill is satisfactorily explained.

Further it is objected, that, the order being upon terms, on the failure to comply with it and to make payment of the ten dollars within five days from the 2d of March, it became inoperative, or equivalent to an order denying the application in the first instance. But we cannot well understand how any such consequence should follow under the circumstances. It appears very clearly that the defendant intended to comply .with the order, and doubtless would have done so but for the mistake of his attorney as to its actual date. It is said that the commissioner had no power to enlarge the time to pay the ten dollars, or in any way to modify his former order, even upon good cause shown. But why not? When it was made to appear that the failure to comply with the original order .was solely owing to the mistake of the attorney as to its date, .we think the commissioner had power to extend the time for paying the ten dollars. This, it seems to us, was necessarily included in the power to impose the conditions originally.

We are therefore of the opinion that the motion to strike out the bill of exceptions must be overruled. And this brings us to a consideration of the case upon the merits.

. This action is brought by the plaintiff, who is a son of the defendant, to recover compensation for services rendered after he became of age. He alleged in his complaint that the defendant hired him in the month of October, 1857, to conduct and carry on the defendant's farm, and that the defendant then promised and agreed to pay him what his services were reasonably worth so long as he, the plaintiff, should remain in such service. The defendant in his answer denied this agreement, and alleged that the plaintiff chose to stay with him as a member of his family the same as his other children, worked as they did, and had his support and clothing from the avails of the farm; and denied that he ever hired the plaintiff in any capacity what-

ever, or ever agreed to pay him anything for his services. On the trial, the plaintiff asked leave to amend his complaint by inserting an allegation that after he entered upon such service for the defendant, the latter promised to pay him, over and above his board and necessary clothing, the sum of one hundred dollars per year, and that the payment of such sum to the plaintiff should not prejudice his right to share as an heir equally with the other heirs in the defendant's estate on the decease of the defendant. This amendment was allowed, against the objections of the defendant; and the ruling of the court allowing the amendment is the first exception relied on for a reversal of the judgment.

It appears to us there was no error in allowing the amendment. It did not materially change the cause of action in averring that the contract was that the plaintiff was to have a given sum over and above his board and clothing per year. We cannot see how it could have worked any surprise or injury to the defendant, and nothing of the kind was alleged when the amendment was allowed. It was clearly competent for the court to permit it to be made. The plaintiff might fail to prove that the contract of hiring was as he first stated, viz., that he was to be paid what his services were reasonably worth, and yet be able to show that there was an express agreement that he was to be paid at the rate of a hundred dollars per annum.

The only other exception arising upon the record, material to be considered, is the one taken to the refusal of the court to give the instructions asked on the part of the defendant. Those instructions are as follows:

"If the jury find that the plaintiff, except during short intervals, resided with his father, the defendant; had there his board and clothing, and whatever in the way of money he needed, the same as any other member of the family; and that there was at no time any agreement what he was to receive as compensation, or that he was to receive anything, then he cannot recover."

"To entitle the plaintiff to recover, he must show that he made an agreement with the defendant that he was to be paid for his services either at a fixed price or what they should be worth."

It is insisted on the part of the plaintiff that there is no sufficient exception to the refusal of the court to give these instructions, so as to raise any question as to their correctness. It is stated in the bill of exceptions that the court refused to give them because the jury might think "it necessary to prove an express promise, but gave the instructions proposed by the plaintiff's attorney and his own, and the defendant by his counsel excepted." Then follow the instructions which were given at the request of the plaintiff, and the charge of the court, to which no exception was taken. But, as we understand the exception, it was intended to refer solely to the refusal of the court to give the instructions above quoted, and cannot well be made applicable to any thing else either in the general charge or instructions given. And consequently the question arises, Were not the instructions correct as propositions of law, and can it fairly be assumed that the defendant was not prejudiced by the refusal of the court to give them?

The relation between these parties was that of father and son; and where such a relation of kindred exists, it is well settled that the law will imply no promise on the part of the father to pay for the services of the son rendered by the latter after he arrives at age. The presumption is that the child renders the service gratuitously, or in consideration of having a home with his father, of being furnished with board and clothing, and of receiving care and attention in case of sickness. And therefore, in order to sustain an action for compensation for services by a child against the father, this court has in effect held, in several cases, that it must be shown by the evidence that a contract existed between the parties to pay for such services, and that such a contract, as to proof of its existence, is not to be placed on the same grounds as "a contract

between strangers unaffected by any personal relation." *Fisher v. Fisher*, 5 Wis., 472; *Kaye v. Crawford*, 22 id., 321; *Hall v. Finch, adm'r*, 29 id., 278. In the last case there is quite a full examination of the authorities upon this subject by the chief justice, and the language of GIBSON, C. J., in *Bash v. Bash*, 9 Pa. St., 260, is cited with approbation as laying down the proper rule of evidence required to establish contracts of this nature. And that rule is, that the evidence of a contract to compensate the services of a child must be positive and direct, and the contract cannot be inferred from circumstances and probabilities; in other words, that the plaintiff in this case, to be entitled to recover, was bound to show that there was an agreement between him and his father, by which he was to be paid for his services, either a fixed price, or what they were reasonably worth, and that the evidence of this agreement must not rest upon probabilities nor be inferred from circumstances. There should be evidence which would warrant a jury in finding that there was an express contract or agreement to that effect. This is the substance of the instructions asked by the defendant, and it seems to us they should have been given.

It is true, the circuit court charged that in ordinary cases, where a person performed labor for another, the presumption was that the person for whom the services were performed promised to pay what the services were reasonably worth, and that the law would imply an obligation to that effect; and the jury were directed that this presumption did not arise in the case of a son who continued to live with his father after majority, as he had before, and who worked for and was supported and clothed by his father as a member of his family. And the jury were further told that in such cases the son, if he claims compensation, must show that he remained with his father, performing services, with the expectation and understanding upon the part of both himself and his father that he was to receive compensation for his services, and that this was a question of

fact for the jury to determine from all the evidence relating to the circumstances proven; and that if they should find that the plaintiff continued to work for his father after he became of age, with the expectation and understanding upon the part of both of them that he was to receive compensation, he was entitled to recover; otherwise not.

At first we were inclined to consider this charge as equiv-alent to directing the jury that they must find that a contract or agreement was entered into between the parties in respect to compensation for services, and therefore that the defendant's instructions were substantially given in the general charge. But we are satisfied that this could not have been the meaning of the learned circuit judge, but that he intended to give the rule of law that there might be a recovery although the evidence failed to establish a contract to make compensation, particularly in view of the reason stated for refusing to give the instructions asked by the defendant, that " *the jury might think it necessary to prove an express promise.*" This would seem to indicate that the circuit judge held there might be a recovery although the nature and amount of proof fell short of establishing a distinct agreement between the parties in respect to making compensation; in other words, that the case stood on substantially the same ground as a contract between strang-ers, and that evidence of a distinct agreement to make compen-sation was unnecessary, but that the obligation might be inferred from circumstances. In this view we think the circuit court erred as to the rule applicable to the case, and that the defend-ant was prejudiced by the refusal to give his instructions, which contained the correct rule upon the subject.

It is said that the first instruction was erroneous because it contains the words "what he was to receive as compensation," while it was sufficient to show an agreement that he was to be paid for his services. The language of the instruction is, that the plaintiff could not recover if the jury should find that there was at no time any agreement " what he was to receive as com-

pensation, *or that he was to receive anything."* As we have already remarked, we think the instructions were substantially correct, and that the court erred in refusing to give them.

DIXON, C. J. I fully concur in the opinion above rendered by my brother COLE, and will add only a few words by way of explanation. It may perhaps be going too far, and be a deduction not authorized from *Hall v. Finch,* to say that, in every case of this kind, there must be positive proof of an express contract for the payment of wages or the making of pecuniary compensation for the services performed. There may undoubtedly exist other facts and circumstances, clear and unequivocal proof of which, according to the rule of evidence held in such cases, will be equivalent to direct and positive proof of an express contract. An express contract to pay, or the relation of master and servant, may be as fairly and incontrovertibly established by circumstantial evidence as by that which is direct. It was held in *Fisher v. Fisher,* 5 Wis., 472, that where a son continued to reside with and labor for his father, after arriving at the age of majority, there might be circumstances, short of direct and positive proof of an express promise on the part of the father, entitling the son to recover for such services. As observed in the opinion in that case, the plaintiff might have shown "by the course of dealing between him and the defendant, as, for instance, that they kept books of account, or had had settlements, or acts of this kind, that the relation of debtor and creditor subsisted between them." Very similar are the observations of Judge REDFIELD in *Andrews v. Foster,* 16 Vt., 556, 560 ; and it is not and has not been the intention of the court to overrule the doctrine thus clearly settled in the particular named. It is obvious that the agreement or promise to pay may be as clearly and unequivocally shown, leaving no doubt of its existence, by proof of facts and circumstances of the kind referred to, as by any other proof which can be offered ; and

the cases, this one and that of *Hall v. Finch*, are not to be understood as infringing or questioning this doctrine, or that such evidence to prove the contract may not be received, and if sufficient, may not establish it.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.