Musgat vs. Wybro.

## MUSGAT VS. WYBRO.

33   515
87   668
33   515
93   371

1. REVERSAL OF JUDGMENT: *Error in rejecting evidence, when immaterial.*
2. COMPOSITION WITH CREDITORS: (1) *Transfer of all debtor's property when immaterial.* (2) *Secret agreement to pay in full, effect of.* (3) *Evidence as to such agreement admissible.* (4, 5) *Particular instructions asked.*

1. Error in rejecting evidence for defendant against a part of plaintiff's claim, and instructing the jury favorably for plaintiff in relation thereto, is cured by the actual exclusion of that part of the claim from the verdict and judgment.

2. Plaintiff and other creditors of defendant entered into an arrangement with him, by which he was to transfer all his personal property to a trustee for the benefit of his creditors, and such trustee, out of the avails thereof, was to pay the creditors a certain per cent. of their several claims; and thereupon the trustee was to reconvey to defendant so much of the property thus transferred as might remain undisposed of, free of all incumbrances created by the trustee. After all the creditors *had been paid* by the trustee *the full amounts* to which they were entitled by the *terms of the agreement*, this action was brought to recover the balance of plaintiff's claim, on the ground that such settlement was void. *Held,*

(1) That the question whether defendant had transferred to the trustee *all* of his personal property, is immaterial.

(2) That any secret agreement between the debtor and one of his creditors, by which the latter, while professing to unite with the others in accepting a percentage of his claim, and discharging the debtor, was in fact to be paid in full, was a *fraud*, which would invalidate the composition and settlement.

(3) That, such a secret fraudulent understanding between the debtor and N., one of the creditors, being alleged in the complaint, evidence that N.'s claim was in fact paid in full, was admissible, as *tending* (in connection with other evidence) to establish such allegation.

(4) That instructions asked by the defendant, to the effect that if the creditors (including the plaintiff) had been paid by the trustee the full proportion of their claims which they had agreed to accept, then the settlement was binding, were properly refused, there being evidence upon which the jury *might* have found such settlement void by reason of a fraudulent agreement with N.

(5.) That, the jury having been instructed that if the whole of de-

Musgat vs. Wybro.

fendant's personal property was not transferred to the trustee, or if he practiced any fraud upon his creditors by which they were induced to enter into the agreement, then such agreement was void from the very beginning, an *exception* to the *whole* instruction was too indefinite to avail defendant on appeal, the second part of such instruction being correct.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action was brought by *Musgat* to collect the balance of an account due him from *Wybro*, together with the amount of an account due to one Lefferts from *Wybro*, and by Lefferts assigned to plaintiff. The defendant answered, alleging a composition agreement, by which his creditors agreed to take forty cents on the dollar in full of their claims, and that this amount had been paid. There was a reply that the agreement was brought about by false representations made by defendant as to the amount and situation of his property, and by his agreeing to pay a part of the creditors in full.

Upon the trial plaintiff proved an indebtedness for goods sold by him to defendant amounting to $305.87; he also testified that he had purchased an account from one Lefferts against defendant, amounting to $41, which was assigned to him in writing. Defendant offered to prove by plaintiff that the account was reassigned to Lefferts, and that plaintiff knew of Lefferts receiving pay for it from *Wybro*, before beginning this suit; but the court excluded the evidence on plaintiff's objection. Plaintiff further testified that he had received forty per cent. of his own account, making $120.38, and had given a receipt in full.

Defendant offered in evidence a composition agreement signed by himself and creditors, whereby the creditors named in schedule B annexed (in which schedule *Musgat* was included), agreed to accept forty cents in the dollar in payment of their claims, upon condition of *Wybro* transferring all his property to a trustee, to be selected by the creditors, to hold and use as security for the payment of the claims. Defendant then intro-

duced a bill of sale of his personal property to one Wood-worth, as trustee, empowering him to sell the same for the payment of the creditors; and also a trust deed, conveying certain real estate from *Wybro* to Woodworth. The bill of sale was conditioned for the reconveyance to *Wybro* of the property which might remain unsold, if one-half the amount due the creditors under the composition should be paid in the time therein specified, Upon defendant executing to Woodworth a certain bond. Woodworth testified that he acted as trustee for the creditors under the agreement; that he paid each of the creditors the forty per cent. due, including *Musgat*; and that after paying all the creditors, he reconveyed the property to *Wybro*. *Wybro*, sworn in his own behalf, was asked, on cross examination, whether, soon after signing the agreement, he had a check, draft or certificate of deposit on any bank, the avails of which were paid to Newton, one of the creditors who entered into the agreement. An objection by defendant being overruled, defendant testified that he had a draft, but thought he did not pay the avails of it to Newton; thought he got the money on it himself; didn't think Newton had the draft; let Newton have a note of $55 after the agreement was made, and one Chandler paid to Newton, about the same time, some money for defendant; the money was paid Newton on an old indebtedness, after Newton signed the agreement; never agreed with Newton before signing to pay him in full if he would sign. Defendant offered to prove that as to certain logs, scheduled and included in the transfer of his personal property, called the Red River logs, it was understood and agreed at the meeting of the creditors and *Wybro*, that they were of an uncertain value, being hung up on Red River, with little chance of getting them out. Objected to by plaintiff, and objection sustained.

One Lewis, sworn for plaintiff, testified that defendant had told him that he had promised to pay Newton in full; that if

Newton would go into the settlement with the other creditors, he should not lose a cent; this was before the settlement; had heard defendant make the same remark since.

The instructions to the jury are sufficiently stated in the opinion.    Verdict for plaintiff for $182.49, and judgment thereon; from which *Wybro* appealed.

*Coleman & Thorp*, for appellant, to the point that the court erred in refusing to allow appellant to prove that respondent had reassigned the account to Lefferts, and that he knew Lefferts had received pay therefor before the commencement of this suit, cited *James v. Chalmers*, 6 N. Y., 209; *Bush v. Lathrop*, 22 N. Y., 7, 535; *Mason v. Knowlson*, 1 Hill, 218; *Roberts v. Carter*, 38 N. Y., 107. The question whether defendant had conveyed all his personal property to the trustee, was immaterial, since the property was only transferred as security, and plaintiff, having received his *pro rata* share as fixed by the agreement, cannot be heard to complain.

*A. M. Blair*, *contra*, argued, among other things, that the question of fraud on the part of appellant having been fairly submitted to the jury, and they having found against appellant, the judgment should not be reversed.

DIXON, C. J.   The court was clearly in error in excluding the evidence offered by the defendant to show that the plaintiff had reassigned the Lefferts account to Lefferts, and that the plaintiff was present and knew that Lefferts received his percentage of the debt from the trustee according to the terms of the agreement to compromise, and signed and delivered to the trustee a receipt in full for the account.   There cannot be the slightest doubt that the proofs offered were admissible, and that the error would be fatal to the judgment were it not that it appears from the record that the jury rejected the Lefferts claim entirely in their consideration and finding of the sum due to the plaintiff.   The verdict is for the exact balance due the plaintiff upon his individual account, after deducting the

amount received by him under the compromise, and allowing him nothing for interest on the demand after the date of compromise. It is for the debt due the plaintiff on the day of perfecting the agreement to compromise, and as given in the schedule, less the forty per cent. paid by the trustee, without interest. The debt as scheduled, and the amount of which was clearly established in evidence and not disputed by the defendant, was $302.87. The forty per cent. received from the trustee was $120.48, which, being deducted from the debt, leaves $182.49, the sum for which the jury returned a verdict in favor of the plaintiff. In thus finding, it is very evident, the jury disregarded the instructions of the court on the measure of damages ; but of that the defendant cannot complain. It plainly appearing that the jury wholly rejected the Lefferts account in their computation, it follows that the errors of the court, whatever they were, in the admission or exclusion of testimony, or in the instructions respecting it, have become immaterial and cannot now be made the ground of reversal.

The objections taken by the defendant to the questions put to him respecting the draft or certificate of deposit held by him, and the application of it, or of the avails of it, to his indebtedness to Newton, and respecting the payment of such indebtedness by him, were properly overruled. Proof of payment in full of the debt owed to Newton, who was one of the creditors joining with the others in the agreement for the composition and settlement, and who in pursuance of that agreement had received his stipulated allotment or share from the trustee and released the debt, was proper to be received as tending to establish the alleged secret promise or understanding between the defendant and Newton. Such payment, made after the compromise was effected and release executed, might not of itself establish the fact of a previous secret agreement or promise to that end, but such was its tendency, and the evidence was admissible to be considered by the jury in connection with the other testimony offered upon the point.

The proposition of the defendant to show that it was agreed. and understood between himself and his creditors that the Red River logs were of an uncertain value, was properly rejected. Those logs were included in the schedule of assets belonging to the defendant and transferred by him to the trustee, and it is impossible for us to see what bearing the testimony, if admitted, could have had upon any question of fact at issue in the cause.

This court is of opinion that the counsel for the defendant are right in the position assumed by them, that it was wholly immaterial, under the circumstances of this case, whether the defendant transferred all his personal property to the trustee, as by the terms of his agreement with his creditors he was required to do, or whether he retained some portion of it in his own possession. The property transferred, or the proceeds of it, was sufficient to pay and did pay the sums severally demanded and agreed to be accepted by the creditors in full satisfaction and discharge of their respective debts and demands, and, when those were paid, the deed of trust or transfer expressly provided that the trustee should reconvey to the defendant the property transferred, or so much of it as should remain unsold and undisposed of, free and clear from all liens and incumbrances created by the trustee. The dividends being made by the trustee, and the creditors fully paid according to the conditions of the agreement, upon which the defendant was to be and was, in the absence of any fraud or unfairness on his part, absolutely discharged from all further obligation to his creditors, of what moment was it to them subsequently, or how could they be said to have suffered injury, or be heard afterwards to complain, that the defendant had not conveyed all his property as required by the agreement, to the trustee? It is obvious that this was no ground for impeaching the compromise or settlement made by the defendant with his creditors, and that the court erred in holding that it was, and in so instructing the jury at the trial. It was error which must have resulted

Musgat vs. Wybro.

in the ordering of a new trial, if any proper exception had been taken saving the question for review and examination in this court. No such exception is shown by the record, and the consequence is that the defendant can take no advantage of the error on this appeal. The proposition was not presented to the court by any of the requests to charge made by the defendant, in such form as to render those exceptions available. The difficulty with those requests, or such of them as touched the point under consideration, was that, assuming the proposition to be correct, they held that no cause of action was established on the part of the plaintiff. The other branch of the plantiff's case or ground on which he claimed the right to recover, and in support of which some testimony had been given, namely, that of a secret fraudulent promise or agreement between the defendant and one of his creditors, was wholly lost sight of and ignored in the requests, and the recovery of the plaintiff made solely dependent on this one proposition. The requests were for this reason properly refused, and the defendant takes nothing by his exceptions.

And the only exception to the charge of the court at all calculated to raise the same objection, is faulty and imperfect for another reason. That part of the charge excepted to was in these words : "It was the duty of this defendant, and he was legally bound, to fulfill this agreement with his creditors in good faith; and if he did not do so, *or if he practised upon them any fraud by which they were induced to enter into this agreement,* then this agreement was void from the beginning, and the plaintiff is entitled to recover in this action." The exception was general to this part of the charge, which, as will be seen, contained two distinct propositions, one of which, that is to say, that relating to the practicing of any fraud by the defendant to induce his creditors to enter into the agreement, was clearly correct and legally proper to be given. The exception ranges itself under the head of those which are taken to the whole or some part of a charge which is partially correct, and contains

Musgat vs. Wybro.

some proper rules and principles of law for the guidance of the jury and applicable to the case, though it may be in other respects erroneous. Such exceptions are always considered defective and unavailing, the duty of counsel being to point out the particular proposition complained of as erroneous, in order that, the attention of the court being called to it, it may, if seen and properly understood, be corrected at the time. It was held by this court in *Allerding v. Cross*, 15 Wis., 530, that the statute evidently contemplates a distinct exception to each distinct legal decision or proposition, made on the trial; or, in cases tried by the judge, to the conclusions of law found by him. See also *Morse v. Gilman*, 18 Wis., 373; *Gilman v. Thiess*, id., 528; *Ludlow v. Gilman*, id., 552; and other decisions of this court too numerous to be cited. The defendant, not having taken his objection at the time and in the manner appointed by law, has waived it, and no advantage can now be taken of the error. *Congar v. Chamberlain*, 14 Wis., 258.

As to the alleged secret agreement between the defendant and his creditor Newton, entered into in fraud of the other creditors joining in the composition, there was evidence to go to the jury in support of that branch of the plaintiff's case; and upon that evidence the verdict must be permitted to stand. We refer to the testimony of the witness Lewis, which, if believed by the jury, fully sustained the verdict.

On the whole record, therefore, we see no error for which the judgment can be reversed, and are of opinion that it must be affirmed.

*By the Court.* — It is so ordered.