# Estate of Kessler.

*April 14 — May 1, 1894.*

*Master and servant: Contract between relatives to pay for services: Evidence: Transactions with deceased person: Agreement to devise lands: Statute of frauds: Recovery* quantum meruit: *Limitation of actions: Demand: Interest: Appeal: Sufficiency of exceptions: Record.*

1. The relation of master and servant between relatives, or an express contract to compensate a relative for services rendered, may be established by circumstantial evidence.

2. The evidence in this case — showing among other things that the deceased sent to Germany for the claimant, her nephew, and, though of full age, he came and lived with her and rendered services for her until her death, a period of nearly nine years; that he had never before lived with or worked for her; that she had never occupied towards him any *quasi* parental relation, and he had never received anything from her; that she had declared to others that for his services all her property was to go to him; and that he expected to be compensated in that way for his services — is *held* to sustain a finding of the trial court that there was a contract between them that he should be so compensated.

3. The claimant was competent to testify that he had rendered the services with the expectation of being compensated therefor; and to have such testimony excluded on the ground that it involved a personal transaction or communication with the deceased, it should be shown that his expectation was founded upon some such transaction or communication.

4. The circuit court is charged with the duty of making up its own record, and its determination as to what transpired in court cannot be questioned on appeal for alleged want of conformity with the truth. So *held*, where the trial court denied a motion to strike out a part of an answer of a witness (which was not objected to at the time) on the ground that it was not spoken so as to be heard by counsel.

5. A parol agreement to devise and bequeath real and personal property as compensation for a nephew's services is within the statute of frauds (sec. 2304, R. S.) as to the real estate, and, being indivisible, fails wholly; but it may be shown in evidence to rebut the presumption that the services were rendered gratuitously, and the nephew may recover *quantum meruit.*

6. The cause of action does not accrue in such case until the death of the aunt, and demand is properly made by filing the claim for allowance against her estate.

7. An error in allowing interest from too early a date is not available on appeal where there is only a general exception to the finding that the respondent is entitled to recover a certain sum, with interest thereon from said date, and costs.

APPEAL from the Circuit Court for *Pepin* County.

*Joseph Scholz* presented to the county court of Pepin county a claim against the estate of Mary Kessler, with a bill of particulars thereof, alleging in substance that the deceased intestate was the owner of certain lands in Pepin county used and occupied as a farm, and August 1, 1883, she, in her lifetime, entered into a contract with the claimant that he should work and labor for her on and about her farm, and render her care, attention, and assistance during her lifetime, for which she agreed to compensate him at the time of her death by giving and conveying to him all the property, both real and personal, of which she should die possessed; that she died intestate January 31, 1892, owning and possessed of the lands mentioned, of the reasonable value of $800, and personal property to the amount of $2,500; that under said contract the claimant had performed labor, services, etc., for her up to the time of her death of the reasonable value of $1,730, and that she, at the time of her death, had not compensated the claimant therefor by gift or conveyance of her property as aforesaid, or in any manner whatever. The heirs at law and distributees of the said Mary Kessler answered, denying the material allegations of the claim, and alleging the claimant to be a nephew of said deceased, and that he lived with her as a member of her family, and not otherwise, and boarded with her as such, and that the cause of action was barred by the statute of limitations of six years.

The county court allowed the claim at $1,523.27, and the said heirs and distributees appealed to the circuit court,

where there was a trial before the court without a jury, and the court found as matters of fact, in substance, that the said Mary Kessler, in July, 1883, was a widow, residing upon her said farm, and that the claimant, *Joseph Scholz*, her nephew, then of the age of twenty-one years, at her request came to live with her on her farm, and she proposed to the claimant, if he would live with her and take care of her and her property during her life, that upon her death he should have all of her property as compensation for his services, which was accepted by the claimant; and that the contract was by parol and within the statute of frauds so that it could not be specifically enforced, but it was acted upon by the parties, so that the claimant remained with the deceased during her lifetime, and took care of her in sickness, and exercised general supervision under her direction over her property, with the expectation and belief that he would be compensated for his services by receiving her property according to the agreement, all the while making his home with her, though at times working for other persons when not necessarily at work for the deceased; that the promise was that in some way he should, at or after her death, become the owner of the property; that he had not received any part of it, and the preponderance of the evidence was to the effect that the property was to be transferred to the claimant before the death of the deceased; that the fact that she contemplated making a deed of it before her death would indicate that that was her construction of the agreement, at least. It was found that the services, etc., were of the reasonable value of $1,730; that Mary Kessler died intestate, without having performed the conditions of the contract, and at the time of her death was possessed of real estate of the value of $1,000 or more, and personal property of the value of $2,400; that while said services were being performed no books of account were kept between the parties, and that

there was no evidence that the deceased ever_paid the claimant anything for his services, and no book of account was shown in which any such payments were charged to have been made, and that all of the testimony tended to show that the work was done with the expectation and upon the promise that claimant should be paid according to the provisions of the contract.

As conclusions of law the court found "that the plaintiff [claimant] should recover the sum of $1,730, with interest at seven per cent. from January 30, 1892, to the date of the findings, with costs against the estate." Judgment was entered accordingly, from which the heirs and distributees of the deceased appealed, alleging various exceptions to the findings of fact, and an exception to the conclusion of law above stated.

A motion was made to strike out a portion of the plaintiff's answer, when examined as a witness, to the question, "Have you heard this complaint read?" to which, it appeared from the reporter's minutes, he answered, "Yes, sir; and it is true, too," on the ground that the latter portion of the answer was not made in an audible tone of voice, so as to be heard by the defendants' counsel. The court, after hearing opposing affidavits, denied the motion. In the rendition of judgment interest was computed from the time of the death of the intestate.

Error was assigned: (1) The reception of testimony relating to the alleged contract set out in the complaint; (2) the refusal to strike out the portion of the answer of the plaintiff above referred to; (3) in finding for the plaintiff in the sum mentioned; (4) in allowing interest from the date of the death of the intestate; and (5) in not holding that the claim was barred by the statute of limitations.

For the appellants there was a brief signed by *C. M. Hilliard* and *C. A. Ingram*, and oral argument by *Mr. Hilliard. S. G. Gilman*, for the respondent.

Estate of Kessler.

PINNEY, J.  1. Where near relatives by blood or marriage reside together as one common family, and one of them renders services to another, and such other furnishes him board and lodging or other necessaries or comforts, a presumption arises that neither party intended to receive or to pay compensation for the services rendered on the one hand, or for the board and lodging or other necessaries or comforts on the other; that they were intended as mutual acts of kindness done or furnished gratuitously. And the relation of aunt and nephew seems to be within the rule. We think, however, it is going too far to say that in order to authorize a recovery in such case there must be direct proof of an express contract for compensation. The relation of master and servant, or an express contract to compensate a relative for services rendered, may be established as fairly and fully by circumstantial evidence as by that which is direct. "Proof of expectation on the one hand to render compensation, and on the other to receive it, is competent evidence, in connection with the facts and circumstances of the case, to give color to them, tending to show that such expectations ripened into a mutual understanding,— an express contract." *Fisher v. Fisher*, 5 Wis. 472; *Pellage v. Pellage*, 32 Wis. 136; *Wells v. Perkins*, 43 Wis. 164; *Tyler v. Burrington*, 39 Wis. 382; *Ellis v. Cary*, 74 Wis. 177.

We think the evidence sustains the finding of the circuit court that there was an understanding or contract between the parties that, if the respondent stayed with the deceased and carried on her farm, managed her property, and took care of her until she died, he should have her property, and that his services were of the value found by the court. The claimant in this case, although a nephew of the deceased, had never lived with or worked for her until he commenced to serve her under the contract found to have existed between them, and he was at that time over twenty-

one years of age. The deceased had never occupied toward him any *quasi* parental relation, and it does not appear that he had ever been the recipient of anything from her by way of gift, donation, nurture, support, or otherwise, and he certainly owed her no legal duty of assistance or support. The death of the aunt has served to close the mouth of the claimant as to any transactions or communications between them, and the respondent has necessarily been, in a large degree, compelled to make out his claim for his services rendered to the deceased during a period of eight or nine years, through the medium of her declarations or admissions, made at various times to witnesses who testified in his behalf, some of which were made at times not long prior to her death. The fact is established that she sent for him to Germany, and he came at her request, and, though he had grown to man's estate, for a period of nearly nine years he continued his services, and for which she declared in substance, at various times, that "what she had was to be his;" that "when she got done with all she had, then it was all to go to *Joseph*," and other similar statements. She told another witness that she was going to send for *Joseph*, and, after he had arrived, and during the first year, that she was going to deed him her property, and afterwards, when sick, she thought of making him a deed to avoid any trouble.

The record shows that respondent testified that the complaint, which sets out an express contract, was true. This answer was not objected to, nor was any motion made to strike it out until the next term after the action had been tried and judgment perfected on the finding, but the motion was denied. The circuit court is charged with the duty of making up its own record, and its action in this respect, and its determination as to what transpired in court, cannot be questioned for alleged want of conformity with the truth, either on *mandamus* or by appeal. *State*

Estate of Kessler.

*ex rel. Roe v. Noggle,* 13 Wis. 380; *Bunn v. Valley L. Co.*
63 Wis. 632, 633.   The record imports absolute verity, and
whatever objection might have been made to the answer
has been waived or lost, and the answer must now stand
as a part of the case.

The court allowed the respondent to testify, in answer to
the question, "What did you expect to receive for the
work you did there?" and his answer was: "Expected she
would pay me well if I did my work well and stayed there
until she died, and then the property was to be mine.
That is what I expected."   It was competent, we think, to
show by his answer that he rendered the services with the
expectation that he would be compensated for them, and
not with the intention that they should be gratuitous.   To
that extent, at least, the fact did not necessarily involve
any personal communication or transaction with the de-
ceased, and was, we think, competent; but, in order to
have excluded it on the ground that it involved a personal
transaction or communication with the deceased, the sub-
ject should have been pursued by the appellants' counsel so
far as to show that his expectation was founded upon some
such communication or transaction.   In so far as the an-
swer implies that there was an express contract between
them on the subject, it would seem to be incompetent, but
the rejection of this part of the answer does not, in our
opinion, materially affect the correctness of the finding.

We have regarded the case as within the general rule hold-
ing that the relationship existing between the parties rebuts
the presumption which would exist in other cases that com-
pensation was intended.   As between remote relatives, at
least, there is great reason for holding that the presump-
tion that the services were intended to be gratuitous is
relatively weakened, especially if, as here, the parties had
not previously been domiciled together.   *Quigly v. Harold,*
22 Ill. App. 269.   And a more liberal rule may perhaps be

applied where the evidence is such as to rebut the presumption arising from the relationship and mutual intercourse between the parties that the services were to be gratuitous, by evidence falling short of an express contract. It would seem to be doubtful, at least, whether the present case, in view of its peculiar facts and circumstances, falls within the general rule. Bish. Cont. § 223; *Hill v. Hill,* 121 Ind. 261; *Ensey v. Hines,* 30 Kan. 704; *Morton v. Rainey,* 82 Ill. 215; *Cauble v. Ryman,* 26 Ind. 207; *Smith v. Denman,* 48 Ind. 65.

2. The agreement of the deceased to convey or devise and bequeath her real and personal property as compensation for the respondent's services was clearly within the statute of frauds (sec. 2304, R. S.) as to the real estate, and, the contract being indivisible and failing in part, the whole agreement therefore fails; but the respondent may recover for his services rendered under such promise or agreement what they may be shown to have been reasonably worth, and such void promise or agreement cannot be set up as a defense to the claim, but it may be shown in evidence to rebut the presumption that the services in question were rendered gratuitously. *Ellis v. Cary,* 74 Wis. 177; *Freeman v. Foss,* 145 Mass. 361; *Wallace v. Long,* 105 Ind. 522; *Schwab v. Pierro,* 43 Minn. 520, 523, and cases cited.

3. The objections that the claim was barred by the statute of limitations of six years, and that there can be no recovery in this proceeding for want of previous demand, are clearly untenable. The cause of action *quantum meruit* did not accrue until the death of the intestate, and there was then no one upon whom to make a demand. The law does not require impossibilities. There was but one way left in which to demand compensation, namely, the one provided by law and pursued by the respondent, by filing his claim against the estate of the intestate in the county

Estate of Kessler.

court for allowance. This brings the case clearly within the principle of the case of *Tucker v. Grover*, 60 Wis. 240.

4. It is strenuously insisted that the court erred in allowing interest on the amount found due from the time of the death of the intestate, instead of the date of presentation of the claim to the county court, but the exception to the conclusion of law of the circuit court, in pursuance of which the judgment was given, is too general to present that question. There is no exception specifically presenting it. The conclusion of law contains substantially three propositions, namely: (1) That the respondent is entitled to recover $1,730; (2) that he is entitled to interest thereon from January 30, 1892, at seven per cent. per annum; (3) that he is entitled to recover costs. The first and third propositions we find to be correct; and the rule is that, where an exception covers several propositions, it is a general one, and is not available if any one of them is correct. *Gilman v. Thiess*, 18 Wis. 528; *Musgat v. Wybro*, 33 Wis. 515; *Paggeot v. Sexton*, 23 Wis. 195; *Gillett v. Wisconsin Cooperage Co.* 44 Wis. 463. Where the finding shows that interest has been allowed from too early a date, the error should be specifically pointed out, so that the prevailing party may remit the excess and avoid the necessity and costs of an appeal. *Dean v. C. & N. W. R. Co.* 43 Wis. 305.

It follows from these views that the judgment of the circuit court is correct.

*By the Court.*— The judgment of the circuit court is affirmed.