[No. 5401.]
[No. 3058 C. A.]

LAFITTE v. VANDERWARK.

1. Justices of the Peace—Procedure—Pleading.

In causes brought in the court of a justice of the peace, no written pleadings are required.—P. 271.

2. Practice in Civil Actions—Dismissal—Grounds of Action.

Where it is proven or admitted at any stage of the trial that at any previous time there was a trial of the same cause of action between the same parties before a court of proper jurisdiction, resulting in a final judgment on the merits which has never been appealed from or set aside, a judgment dismissing the action is right.—P. 271.

3. Appellate Practice—Abstracts—Scope and Sufficiency—Presumptions.

Where an abstract shows that the lower court dismissed the action because plaintiff's counsel in his opening statement admitted that the same cause of action had been litigated and decided in a former suit between the same parties, and the judgment therein had been fully satisfied, the fact that such statement does not appear in the record or bill of exceptions will not prevent a review, since in the absence of a showing in the record proper or bill of exceptions of something to impeach a judgment, the appellate court must presume that it is right.—P. 272.

*Error to the County Court of Larimer County.*
*Hon. J. Mack Mills, Judge.*

Action by Marie Lafitte against James Vanderwark. From a judgment for defendant, plaintiff brings error.                    *Affirmed.*

Mr. EDWARD J. BOUGHTON and Mr. C. M. BICE, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is a writ of error to the judgment of the county court of Larimer county. The case originated before a justice of the peace, and was afterwards on

appeal tried *de novo* in the county court. At the trial below, on the opening statement of counsel for plaintiff, defendant's counsel moved for "judgment on the pleadings." In causes brought in the court of a justice of the peace, no written pleadings are required. Whether, as matter of fact, written pleadings were filed in this case after it reached the county court, the abstract does not show; but if it be assumed, as counsel for plaintiff in error apparently does, that the court and counsel for both parties treated the opening statement of counsel for plaintiff as a written complaint setting forth his cause of action, it appears therefrom that theretofore there was a trial between the same parties, before a court of competent jurisdiction, of the same cause of action, resulting in a final judgment on the merits, which had never been appealed from, reviewed or set aside.

Such facts, whether alleged in a written complaint or made in the opening statement of plaintiff's counsel, apparently were admitted to be true below, and are not questioned here. It would seem that if such facts were proved or admitted at any stage of the trial, the judgment dismissing the action was right.

But plaintiff's counsel says that as his opening statement does not appear in the record or bill of exceptions, we cannot intelligently review the judgment, and besides, it is not good practice to dismiss an action or direct a nonsuit upon the mere opening statement of counsel. He cites cases like *Fisher v. Fisher*, 5 Wis. 472, and *Leonard v. Beaudry*, 68 Mich. 312, as announcing that doctrine, and he further says that only in exceptional cases ought such practice to be permitted.

Whatever the practice may be in other states, it is not uncommon in this state. And plaintiff did

not object to the time when, or the form or manner in which, the question, on which judgment of dismissal was based, was brought to the court's attention. If the opening statement of counsel is not reproduced in this record, it is not the fault of defendant in error, but the misfortune of plaintiff in error. In the absence of a showing in the record proper, or bill of exceptions, of something to impeach a judgment, we must presume that it is right. If the statement of counsel is different from what both counsel and court assumed it to be, this record fails to show it. Certain it is that the very imperfect and unsatisfactory record which this abstract presents sufficiently shows that the court dismissed this action because it was admitted by counsel that the same cause of action, in a former trial, had been previously litigated and decided in a suit between the same parties, and the judgment therein had never been set aside or annulled, but, on the contrary, had been fully satisfied.

The judgment is affirmed.      *Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.