THONI, Respondent, vs. ESTATE OF McDONNELL, Appellant.

*November 13—December 4, 1917.*

*Executors and administrators: Claims: Evidence: Parent and child: Compensation for services: Limitation of actions: Trial: Remarks by court: Argument of counsel: Harmless errors.*

1. A claim by a daughter against the estate of her deceased mother being for services alleged to have been rendered to the mother under an express contract, evidence as to gifts by the parents to claimant's brother and as to the value of the homestead received by him under the mother's will, was irrelevant; but the error in admitting it was not in this case prejudicial, there being no basis for an inference that it affected the verdict.

2. Remarks of the trial court and its omission to admonish the jury to disregard certain remarks made by claimant's counsel in his argument, relating to transactions between the mother and claimant's brother (who became administrator of the estate) in dealing with the property, and showing the relationship of the parties and the facts and conditions of the property affairs involved in the settlement of the estate, are *held* not to have constituted prejudicial error.

3. Findings by the jury that the decedent expressly agreed that if the claimant would stay on the farm and assist in working it she should be well compensated at the mother's death, and that the claimant performed the services contemplated, are *held* to be sustained by the evidence.

4. The compensation in such case not being due until the mother's death, the statute of limitations did not begin to run upon the claim until that time.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The plaintiff in county court filed a claim of $2,700 against the defendant. The county court disallowed it. In circuit court, upon trial before a jury, the plaintiff recovered $2,650.

In her claim *Lizzie Thoni,* daughter of Mary McDonnell, demanded $2,700 for services rendered on the farm for her mother under an express contract. Patrick McDonnell, husband of Mary McDonnell, died in 1887. Soon after his death it is alleged that the plaintiff, then single, desired to

leave the farm and earn wages, but that on the request of her mother she consented to work on the farm under an express agreement by which she was to be rewarded for her labor on the death of her mother. She worked on the farm until 1903, when she married Mike Thoni, but continued doing some work for the mother up to the time Mrs. McDonnell went to reside with her son, M. E. McDonnell, in 1912. Mary McDonnell died July 6, 1915, without having made any provision by will or otherwise for the payment of these alleged services. The plaintiff claims her services to be worth $2,700 above board and room and other benefits she may have derived from her residence with her mother. It is also alleged that the mother possessed property worth $20,000 a few years before her death, but that she conveyed a large part of this to her son, M. E. McDonnell, with whom she spent the last part of her life.

M. E. McDonnell, as administrator of his mother's estate, denies the existence of any express contract between his mother and *Lizzie Thoni* whereby the latter was to be compensated for her services. He admits that *Lizzie Thoni* resided with her mother during the years specified, but claims that she was engaged in the dressmaking trade and that her earnings from this were kept by her for her own use. He denies that Mary McDonnell conveyed any property to him, but asserts that he bought it from her for a full consideration.

The jury in the circuit court found in a special verdict (1) that Mary McDonnell expressly agreed to compensate *Lizzie Thoni* for her services and that she should be paid upon the death of her mother; (2) that the plaintiff, relying upon this agreement, worked on the farm until 1903; (3) that *Lizzie Thoni* was entitled to recover $2,650 for her services.

The court awarded this amount and $19.13 costs to the plaintiff. This judgment is appealed from.

For the appellant there was a brief by *McGeever & Mc-*

*Geever* of Dodgeville and *Fiedler & Fiedler* of Mineral Point, and oral argument by *J. D. McGeever, W. C. McGeever,* and *E. C. Fiedler.*

For the respondent there was a brief by *Frank Jenks* of Brodhead and *Jones & Schubring* of Madison, and oral argument by *Burr W. Jones.*

SIEBECKER, J. 1. The court received evidence, over defendant's objection, concerning certain gifts M. E. McDonnell received in money and property from his parents and of the value of the homestead he received under his mother's will. This evidence was irrelevant to the issues on trial and should have been excluded. In the light of the nature of the evidence and its relation to the controversy it could have had but a very slight, if any, weight with a jury in determining the issues submitted to them for determination. The result of the trial does not disclose any basis for an inference that a different verdict would have been rendered had the evidence been excluded. Its reception cannot be regarded as prejudicial in this case.

2. The exception to the remarks of the court in ruling on the propriety of counsel's comment to the jury on a loan of M. E. McDonnell, secured by mortgage on the parent's property, and the court's omission to admonish the jury to disregard remarks of plaintiff's counsel charging that McDonnell had profited to the amount of $1,500 through mortgage loans from his mother, is not well taken. These matters were a part of the transaction between the mother and son in dealing with the estate and showed the relationship of the parties and the facts and conditions of the property affairs involved in the settlement of the estate.

The trial court has a broad field within which a trial must be regulated. It cannot be said that the court transgressed these boundaries to the appellant's prejudice in the matters excepted to.

3. It is urged that the court erred in refusing to grant the defendant's motion for nonsuit.   The claim is made that the evidence fails to show that there was an express agreement between the claimant, *Lizzie Thoni,* and her mother, the decedent, that *Lizzie Thoni* should have full compensation for the services she rendered on the farm at the mother's request from the time of her father's death in 1887 and that she should be compensated therefor at the death of the mother. We have read the evidence in the case and find that it sustains the jury's findings that such an agreement was made between the mother and daughter and that the daughter performed the contemplated services from 1887 to 1903, the date of her marriage.   An examination of the record shows that the evidence adduced to show such a contract is of the nature and kind required in the law to establish such a contract.   *Pellage v. Pellage,* 32 Wis. 136; *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229.

The statutory limitations against the claim had not run because the contract expressly provided that the compensation under the agreement was not due until the mother's death.

The record discloses no error in the court's instruction as claimed, nor in the refusal to submit the requested special question in the verdict.   The charge of the court correctly states the law applicable to the issues submitted to the jury and the verdict rendered by the jury includes all the issues litigated in the trial.   We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.