ESTATE OF BLOHM : NA GREEN, Administratrix, Appellant,
vs. BLOHM, Respondent.

*April 10—May 9, 1933.*

For the appellant there was a brief by *Krugmeier & Witmer* of Appleton and *Miller & Kuchenberg* of Marinette, and oral argument by *Joseph Witmer*.

*Alvin E. Davis* of Marinette, for the respondent.

ROSENBERRY, C. J.   Claimant seeks to support the judgment appealed from on the authority of *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229; *Estate of Powell,* 206 Wis. 513, 240 N. W. 122; *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Smith v. Freng,* 182 Wis. 349, 193 N. W. 996, 196 N. W. 887, 197 N. W. 170, and other cases.   The claim as filed was for the value of services rendered by the claimant.   There was no claim on the part of the son that he had rendered the services pursuant to an express contract by which the father agreed to convey his property to him upon his death.   The evidence is quite persuasive that the son rendered valuable services to his parents both in connection with the Porterfield farm and the Hall avenue property.   There is considerable evidence to the effect that it was the intention of the parents that claimant should have their property.   In 1931 Mrs. Blohm was asked by one of the neighbors if they had any papers to that effect and that she replied "Not yet;" that Mr. Blohm said "No, but if things go all right the next week we will have to straighten it out;" that they never gave Otto any pay for his labor all these years, and that Otto was to have the place after they were gone.   Other witnesses testified to substantially the same thing but none so explicitly as did Mrs. Wagner, who gave the testimony just referred to.

There are not present here as there are in many cases circumstances which tend to sustain plaintiff's claim.   He

began as a boy on the farm, rendered services such as a farm boy ordinarily rendered, worked in the woods in the wintertime and upon the farm during the summer, supported himself, and had his home with his parents down to 1923. In 1923 he was married and thereafter performed some services for his parents during the summertime; he did some cooking and washing for his mother, and helped about the small Hall avenue place at times when he was not employed in the woods. His parents were no doubt grateful for the services thus rendered to them by their son and intended to reward him in the disposition of their property after their death but that intention never took tangible shape. We are unable to find any evidence or any circumstance which even tends to establish an agreement by the parents to pay for the services rendered or that the services were rendered in reliance upon such an agreement. The trial court found that there was a "mutual running agreement" between the parties. We are at a loss to understand what is meant by a mutual running agreement. There is nothing in this case that resembles a running account. It does not appear that the parents ever paid anything on account of the son's services. There is nothing in the evidence that does more than indicate an intention to provide for the plaintiff by way of a will. There is no evidence that the services were performed pursuant to an agreement sufficient to rebut the presumption of gratuitous services.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the claim.