LEITGABEL, Respondent, vs. BELT, Appellant.

*October 16 — October 30, 1900.*

*Estates of decedents: Claim for services by member of family: Express promise: Evidence.*

Where a niece of the decedent became a member of his family during her infancy, she cannot recover against his estate for her services without proving an express promise on his part to pay her therefor; but such promise may be established by admissions of the decedent and by circumstantial evidence confirmatory thereof.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The claimant filed a bill against the estate of John Dailey, deceased, in county court, for services as housekeeper and servant, based upon a promise that, if she would perform such services, he would leave her his property. The county court found against the claim. On appeal to the circuit court, and upon some additional evidence, that court made findings for claimant, and gave her judgment for $792 and costs. *Phinatta Belt*, one of the heirs, brings this appeal.

For the appellant there was a brief by *W. O. Thomas*, attorney, and *C. H. Winkenwerder*, of counsel, and oral argument by *Mr. Thomas*.

For the respondent there was a brief by *Amazeen & Torbe*, and oral argument by *L. Torbe*.

BARDEEN, J.    John Dailey died intestate and unmarried in September, 1898, leaving a sister, two nieces, and a nephew as his heirs.    He left real estate worth about $1,500, incumbered for $900, and personal property valued at $300.    Claimant was a daughter of his sister, and lived with relatives until 1876, when deceased took her to live with him.    She remained with him continuously to his death, except during the year 1880 she was out at service.    During the period she lived with him she did his housekeeping and worked about the farm, performing such manual labor as is ordinarily performed by male help, receiving her board and clothes, but no money.    The court found that during such employment there was an oral agreement between deceased and the claimant that, in consideration of her keeping his house and helping about his farm work during the residue of his life, he would devise and bequeath to her all real and personal property as compensation for her services; that, relying upon such agreement, the claimant remained with him until his death and faithfully discharged her duties; and that her services were reasonably worth the sum stated.    It is upon this finding that the chief attack is made.    No evidence was offered as to these facts by the contestant.    It is argued, however, that the claimant's evidence fails to disclose an express promise to recompense her for her services with that clearness the law requires.    Undoubtedly, the claimant, being the niece of the deceased, and having become a member of his family during her infancy, cannot recover against his estate for her services without proving an express promise on his part to pay her therefor.    *Ellis v. Cary*, 74 Wis. 176. It is equally true that such promise may be established by admissions of deceased and by circumstantial evidence confirmatory thereof.    *Estate of Kessler*, 87 Wis. 660.

We think the evidence sustains the findings of the circuit court that there was an agreement between the parties as stated, and that her services were of the value as found by

the court.   Such agreement is established by the claimant, by testimony drawn out on cross-examination, and by direct admissions of the fact made by deceased to several witnesses. The surrounding circumstances very much confirm this view. It is unnecessary to state the facts in detail.   They bring the case quite within the rule stated in both the *Ellis* and *Kessler Cases*, before cited, so that a discussion of them would be neither helpful nor advisable.

*By the Court.*— The judgment of the circuit court is affirmed.