Davis, J.
The decision of this case turns upon the charge to the jury in the court of common pleas. The circuit court reversed the judgment of the court ol common pleas for two reasons, viz.: 1. Because the court, upon the request of the defendant, gave the following special charge to the jury: “The plain *261 tiff cannot recover in this cause unless you find from the evidence that there was an express 'contract between her and the decedent providing that she should be paid for her services,” and, 2. Because the court charged the jury that even though the plaintiff proved that she had rendered services for the decedent, yet if she had not produced any evidence upon the value of any particular item of service, they should not allow her anything for that item. The circuit court expressly found that there were no other errors in the record. ■
It is claimed for the defendant in error, and that view seems to have been entertained by the circuit court, that when the court of common pleas charged the jury that an express contract must be proven, it should have gone further and instructed the jury that “an implied contract Avarranting a recovery in such case may be shown by evidence of all the circumstances under Avhich the services were performed, although such evidence fails to prove an express contract.” This conception of the law applicable ta such cases is erroneous.
It is averred in the ansAver of the defendants that during the time mentioned in the petition the plaintiff and her husband, who was a son of the decedent,, lived Avith, and at the expense of, the decedent and Avere members of his family, the decedent paying the house rent and other household expenses, and giving to the plaintiff and to his said son from time to time large sums of money and paying for his and her clothing and personal support. The plaintiff in reply admits that her husband is a son of the decedent, and that from September, 1890, to the death of the decedent, they lived together with decedent in the same house, and that decedent furnished some of thediouse *262 hold and family expenses, and furnished to her board and lodging. On the trial it was agreed, among other things, that decedent and his wife were absent from home for three months at least of each summer of the years 1892 to 1897, both included, and that from 1890 the family consisted of decedent and his wife, the plaintiff and her husband. So that, without regard. to the finding of the jury, the family relationship of the plaintiff and the decedent, and the dependency of her and her husband is incontrovertible. Under such circumstances where compensation for services is claimed from the head of the family, or his estate, the law. does not imply a promise and no recovery can be had unless an express contract is shown. Wood on Master and Servant, sections 72, 75; Candors Appeal, 5 W. & S. (Pa.), 513; Bash v. Bash, 9 Pa. St., 260; Duffey v. Duffey, 44 Pa. St., 399; Zimmerman v. Zimmerman, 129 Pa. St., 229; Hall v. Finch, Admr., 29 Wis., 278; In re Schmidt’s Estate, 93 Wis., 120; Collar v. Patterson, Admr., 137 Ill., 403; Disbrow v. Durand, Admr., 54 N. J. L., 343. Many more authorities might.be cited, but these are sufficient for our purpose. Cases ' of this kind are odious and are not favored by the courts because they afford opportunity for fraud against the estates of deceased persons and great temptation to perjury, by disappointed or avaricious relatives. Hence the -courts exact clear and unequivocal proof of an actual agreement upon the one side to perform services for compensation, and upon the other side to receive the services and pay for them. See Duffey v. Duffey, supra. An eminent judge declared that such a contract can be proved only by direct and positive evidence of it, and held that an instruction to the jury that such a contract would be proved by “clear and satisfactory” *263 evidence, was erroneous. Gibson, C. J., in Bash v. Bash, 9 Pa. St., 260. This was upon the principle that juries are liable to be swayed by “considerations of hardship or paternal injustice,” and that evidence which may be clear and “satisfactory” to a jury might in fact be neither. See also Candor's Appeal, supra. Although an actual contract, one capable of enforcement as such, must be clearly and unequivocally proved, it may be proved by either direct or indirect evidence. Express contracts which are proved by the ■declarations and conduct of the parties and other circumstances, all of which are explainable*only upon the theory of a mutual agreement, are often called, •although not with entire accuracy, implied contracts, 15 Am. & Eng. Ency. Law (2 ed.), 1078; and this distinction will (sqdain the ambiguity of some authorities and the apparent contrariety of others. All of the authorities, however, seem to agree that in suits for compensation for services, where a family relation is conceded or shown to exist, an actual contract must be clearly proved. Such contract may be in writing or it may rest entirely in parol, but it must nevertheless be a contract, and in our opinion it is a misnomer to denominate it an implied contract. It does not arise from nor is it aided by implication; but it must be strictly proved. The charge' to the jury in this case, including the special request given and excepted to, was correct; and the finding and judgment of the circuit court in that respect was wrong.
The court of common pleas .committed an error in instructing the jury that they should not allow the •plaintiff anything upon any item concerning which there was no evidence as to the value of the service, Hossler v. Trump, 62 Ohio St., 139; but under the instructions the jury must have found from the evi *264 deuce that there was no contract between the parties, since as to some of the items, at least, there was evidence of value. If there was no contract, it could not. benefit the plaintiff to have a correct instruction upon this question of value, for the very foundation of recovery is wanting. Consequently the error was not. prejudicial.
As the circuit court expressly found that there were no other errors in the record.

The judgment - of the circuit court is reversed and that of the court of common pleas is affirmed.

Burket, C. J., Spear, Shauck, Price and Crew, JJ., concur.