LONGWELL, Administrator, Respondent, vs. MIEROW, Executrix, Appellant.

*November 13—December 4, 1906.*

*Executors and administrators: Claims against decedent: Sufficiency: Amendment: County courts: Discretion: Evidence.*

1. Where a claim filed against a decedent's estate included enough to suggest that it was based on an agreement of some sort and that the right thereunder was not barred by the statute of limitations, in view of the liberal rules in respect to the method of presenting such claims in the county courts, and the treatment of the filed claim as a complaint on an appeal to the circuit court, a failure to state therein facts showing expressly a cause of action which accrued within six years prior to the death of decedent is *held* to be a matter of indefiniteness rather than a fatal defect in the cause of action.

2. In such case it was within the court's discretion to allow an amendment alleging that the claim was to mature on the death of the decedent.

3. In such case, the amendment having been allowed, the fact that it was not formally reduced to writing and filed is *held* to be immaterial, in view of the fact that the cause proceeded to the end on the theory that the amendment had been made.

4. So long as a cause is under the control of the trial court the power of amendment is within the broad limits of judicial discretion, subject, however, to the general limitations that the form of the action must not be changed from equity to law or from contract to tort, and also that the amendment must not contain an independent cause of action accruing pending the

suit, must be in furtherance of justice, and must be allowed in such manner as not, in a legal sense, to prejudice the rights of the adverse party.

5. In an action against a decedent's estate to recover the value of services rendered on an express agreement to pay for the services at the decedent's death, the evidence, stated in the opinion, is *held* to sustain a verdict in favor of the claimant.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action to recover on contract. Henry C. Mierow filed a claim in the county court of Monroe county against the estate of his father, Henry Mierow, which was in process of settlement. There were two items in such claim, viz., $900 for three years' work performed for the deceased, commencing in 1872 and ending in 1875, and $5,100 for seventeen years' work, commencing in 1878 and ending in 1895. The decision in the county court was in favor of the plaintiff and due appeal was taken therefrom by the adverse party to the circuit court for Monroe county, and before the trial there the claimant died and the cause of action was duly revived in favor of his personal representative. Upon an objection to any evidence in support of the claim being made on the trial by the executrix, an amendment was allowed to the effect that the second item accrued pursuant to an agreement that Henry C. Mierow should be paid for his labor upon the death of Henry Mierow. That was duly excepted to. The cause was submitted to the jury for a special verdict on undisputed evidence as to Henry C. Mierow having worked on his father's farm for the period covered by the second item of the claim and a conflict of evidence, as the court viewed the matter, as to whether the work was done under an express agreement that it should be paid for at the death of Henry Mierow. It was claimed on the part of the plaintiff that there was evidence tending to show such an agreement, and it was claimed on the part of the executrix that the evidence showed that no agreement was made to pay for the work, as

alleged, but that it was performed by Henry C. Mierow as a tenant, working his father's farm on shares; or, if there was any agreement at all to pay for the work, it was to do so by leaving Henry C. Mierow property, real and personal, by will. The jury found: 1. Henry C. Mierow did not labor on his father's farm from 1875 till he left the same in 1895 working it on shares. 2. The work was not done under an agreement that the same should be paid for by Henry Mierow leaving his property, real and personal, to his son Henry C. Mierow. 3. When the work commenced in 1878 Henry Mierow agreed to pay his son for the latter's work at the former's death. 4. The reasonable value of the work was $1,225.

Judgment on the verdict was rendered in plaintiff's favor and the defendant appealed; due proceedings having been taken to save for review various questions and among them those urged upon the appeal, as indicated in the opinion.

For the appellant there was a brief by *Thorwald P. Abel* and *Higbee & Higbee,* and oral argument by *Mr. Abel* and *Mr. J. E. Higbee.*

For the respondent there was a brief by *A. H. Smith,* attorney, and *F. J. Smith,* of counsel, and oral argument by *Mr. A. H. Smith.*

MARSHALL, J. The claim as presented to the county court and to the circuit court did not contain any statement of the agreement out of which it originated, yet such claim included enough to suggest that it was based on an agreement of some sort and that the right thereunder was not barred by the statute of limitations. In view of this and the liberal rules in respect to such matters in county courts and the treatment of the filed claim as a complaint on appeal to the circuit court, we are constrained to hold that the failure to state therein facts showing expressly a cause of action which accrued within six years prior to the death of Henry Mierow was a matter of indefiniteness rather than a fatal defect in

the cause of action. It is quite likely that the trial court took that view in allowing the indefiniteness to be removed by adding to the writing a statement that the work was done under an agreement that it should be paid for upon the death of Henry Mierow. In any event, it seems that it was within the court's discretion to allow the amendment, and, it having been allowed, the fact that it was not formally reduced to writing and filed, inasmuch as the cause proceeded to the end on the theory that it had been made, is immaterial. Trial courts have a very broad discretion in such matters, as this court has often said. The limits, generally speaking, are that the form of the action must not be changed from one in equity to one at law, nor from one on contract to one sounding in tort, nor contain an independent cause of action accruing pending the suit, and the amendment must be in furtherance of justice and allowed in such manner as not, in a legal sense, to prejudice the rights of the adverse party. *Gates v. Paul*, 117 Wis. 170, 94 N. W. 55. Subject to such limitations the power of amendment is fenced about only by the broad limits of judicial discretion, so long as the cause is under the control of the court invoked in respect to the subject. Such is the broad liberal spirit of the Code, designed in all its parts to furnish a way to prevent mistakes and technicalities from efficiently interfering with the course of justice.

The test to be applied to the evidence in solving the controversy as to whether there was an express agreement to pay for the work as found by the jury is this: Is there room in the evidence for reasonable minds to reasonably differ as to whether there was such an agreement or not, reasonable doubts in respect to the matter to be solved in favor of the decision of the trial judge? That is elementary. We have occasion to state the rule and apply it so frequently that it would be a work of supererogation to do more than to refer thereto.

This class of cases is always characterized by much dif-

ficulty as regards certainty in the evidence. It having been established as the settled law that in such a case an express agreement to pay for the labor is essential to a recovery, but that it is competent to establish the agreement by circumstantial evidence from which the agreement is reasonably inferable (*Estate of Kessler*, 87 Wis. 660, 59 N. W. 129; *Leitgabel v. Belt*, 108 Wis. 107, 83 N. W. 1111), and that declarations of the deceased together with suggestive circumstances may properly be regarded as controlling (*Leitgabel v. Belt, supra*), it is easy to see how wide the door is open for the introduction of evidence of a quite unsatisfactory character, as viewed here, but of sufficient probative force that this court in face of a decision of the trial court, who heard it, cannot condemn it as not being worthy of any credence at all. Such claims as this are commonly established by the circumstance that the work was actually done and proof by various persons, having little or no interest in or occasion to charge their minds with the matter, of declarations of the deceased made to them on the subject. *Tyler v. Burrington*, 39 Wis. 376, 382; *Estate of Kessler, supra.* Generally such declarations are made in casual conversation, and when there are many instances testified to by many persons the statements of the different witnesses commonly vary quite materially, one class testifying in general to declarations indicating the existence of an express contract and others to declarations indicating the contrary, and the two classes varying more or less between themselves, making, in the ultimate, a conflict which leaves the truth of the matter, as the case is exhibited in a printed record of the trial, quite close to the border line of mere conjecture, and yet facing the decision of the trial court and according thereto the dignity it deserves the duty of the appellate tribunal be quite clear to affirm such decision.

In this case, as claimed on behalf of appellant, there is considerable evidence indicating that Henry C. Mierow dur-

ing the period covered by his claim labored on his father's farm, working the same on shares. With that concession it is needless to refer to the evidence in detail, if there be other evidence conflicting therewith, justifying sending the matter to the jury. It seems that there was considerable evidence to the effect that the labor was performed with an understanding that compensation would be rendered therefor by a provision devising and bequeathing property, and evidence suggesting with more or less force, according to the standpoint from which it is viewed, that the labor was performed under an express agreement that it should be paid for according to its reasonable value at the death of Henry Mierow. There was testimony by John McCance and others that Henry Mierow was the "boss" of the farm, as the witnesses put it, and his son Henry C. a mere servant; that he worked like any hired man and that the father directed all operations and employed and paid for all outside help. There was evidence by Mrs. Puls and others to the effect that Henry Mierow said to or in the presence of each that Henry C. would be, or was to be, paid for his labor at the death of the former; that such was the agreement, as one witness put it. Now, in view of this evidence and the evidence, contradicted it is true by other evidence, that the son worked for his father seemingly like any hired man, and the circumstance, as to which there is no controversy, that, although he left the farm in 1895, he made no claim for compensation till after the father died, thereby allowing his claim, if he had one, to be extinguished by the statute of limitations, unless the nature of it was as found, we are unable to say that the trial court was manifestly wrong in submitting the cause to the jury or in confirming the verdict.

As no question is raised respecting the reasonable value of the work, as found by the jury, the foregoing disposes of all matters material to the appeal in favor of the respondent.

*By the Court.*—The judgment is affirmed.