Estate of Marotz: Runge, Appellant, vs. Schwann, Executor, Respondent.

*January 5—February 3, 1953.*

The cause was submitted for the appellant on the briefs of *Eberlein & Eberlein* of Shawano, and for the respondent on the brief of *Fischer, Brunner & Strossenreuther* of Shawano.

Brown, J. The question here concerns the obligation of the estate of a deceased person to pay reasonable attorney fees incurred not by the executor but by an heir in conserving the estate.

During the lifetime of Bertha Marotz her daughter, Pauline, lived with her and when Mrs. Marotz became incapacitated through old age Pauline cared for her by agreement with the other Marotz children that she would be compensated. After Mrs. Marotz died Pauline filed a claim for such services against her estate. Up to the time that the claim was heard by the county court the executor made no objection to its allowance, whereupon a Marotz daughter, the appellant Amelia Runge, by her attorney, Frederic C. Eberlein, of Eberlein & Eberlein, whom she retained for the purpose, interposed objections. A trial of the claim was had, Mr. Eberlein representing the objector, at the end of which the county court allowed the claim. The executor, respondent Schwann, gave no aid to the objector at the hearing of the claim and declined to appeal from the judgment allowing it. An appeal was then taken by Mrs. Runge. The appeal papers named both the executor and the claimant as respondents but the executor appears to have been neutral and passive during the appeal period. That appeal is reported as *Estate of Marotz* (1951), 260 Wis. 155, 50 N. W. (2d) 472. We held there, that the presumption prevailed that services rendered by a daughter to a mother were gratuitous and, whatever the arrangement among the children might have been, it could not support a charge against the mother nor her estate. Therefore we reversed and Mrs. Orvis' claim for compensation for services rendered her mother was disallowed as a charge on the estate.

The distributable estate, without considering either the Orvis claim for services or the attorney's fees which Mrs. Runge now seeks, amounted to $4,000. The Orvis claim for services was $3,090, which amount was saved to the estate by Mrs. Runge's objection and appeal. Mrs. Runge was one of eight children to whom the will gave equal shares of the estate.

After the record had been returned to the county court at the conclusion of the appeal, Mrs. Runge petitioned that court for reimbursement for her disbursements and attorney's fees incurred in the proceedings in the two courts. This application was opposed by the executor but the county court allowed the disbursements at $275.98, reduced the attorney fees from the demanded $880 to $300, and ordered the executor to pay to Mrs. Runge the total of $575.98. She then took the present appeal from that part of the order which limited her recovery of attorney's fees to $300.

The executor, by motion to review, opposes any allowance to Mrs. Runge.

There are two questions: May the county court, under such circumstances, make an allowance to reimburse a person not the executor who has performed services that the executor should, but did not, render; and, was the allowance actually a reasonable one?

On the first question we are impressed with the opinion filed by the learned trial court and adopt it herewith. Judge DILLETT wrote:

"The court has the power to fix the attorneys' fees and expenses to be allowed to the executor in the performance of his duties in handling the estate. Equitable considerations and unusual circumstances extend this privilege to the allowance of attorneys' fees and expenses to anyone who enhances the value of the estate and who carries the burden of litigation which normally would be carried by the executor even when the litigation is carried on against the express wishes of the executor, or perhaps especially when the litigation is carried on contrary to his wishes. In such cases the court may allow attorneys' fees and expenses to an interested party who is litigating for the benefit of the estate as a whole and not for his own special benefit. *Estate of Sheldon*, 249 Wis. 430. I deem this to be such a case.

"The argument is advanced that Amelia Runge was not in this position for the reason that the other heirs were all willing that the claim should be allowed in full, and that

therefore she was prosecuting the objection for her own special benefit. I do not deem this argument very cogent for the reason that, in the first place, it is not fully established that all the heirs agreed that the claim should be allowed in full, and in the second place, that even though all heirs agreed that the claim should be allowed in full, I understand the law to be that the court still could not allow the claim, but that some arrangement outside of court would be necessary to adjust the matter. The law prohibits the allowance by the court of any unjust or illegal claim. In this case the supreme court has established that the claim in a large part was illegal.

"Under these circumstances it was the duty of the executor to litigate the question and carry the burden of the defense. . . .

"In view of this fact it seems that the litigation, therefore, was carried on by the applicant on behalf of the executor; that the estate was considerably enhanced by the disallowance of the claim through the efforts of the beneficiary; and that she was in fact playing the part that the executor should have played. It appears, therefore, that the application for allowance against the executor of the attorneys' fees and expenses should be allowed. . . ."

The executor contends that *Estate of Sheldon* (1946), 249 Wis. 430, 24 N. W. (2d) 875, is not applicable because there the executor had an adverse interest to the estate, being in fact both the executor and the claimant, while here there is no such conflict. We cannot agree that this difference in fact is material. The presence of an improper motive of the executor in the *Sheldon Case, supra,* and its absence here does not distinguish one case from the other on this question. In both, the executor refused his duty to protect the estate against an illegal claim and, if the estate was to be protected, the executor's duty had to be performed by someone else. It was performed by an heir whose share was no greater than that of any other heir and it was the estate as a whole which received the benefit of the heir's action.

The executor objects to the allowance against the estate on the further ground that the attorney retained by Mrs. Runge is not dependent on the estate for his fee but can recover it from her. Presumably he can. If it was he who was attempting now to claim fees from the estate or from the executor with whom he had no contract, a different question would be presented. It is precisely because Mrs. Runge *is* obligated to the attorney as a result of carrying out the function of the delinquent executor that the allowance is made *to Mrs. Runge* to defray the reasonable cost *to her* of her action in behalf of the entire estate. We conclude that the authority, recognized in *Estate of Sheldon, supra,* to allow to an heir recovery of reasonable expense incurred in doing what the executor should have done but did not do, exists also under the circumstances of the present case.

Since Mrs. Runge may recover from the estate the charge of the attorney, incurred by her, in an amount reasonable for the estate to pay, the second question concerns the reasonableness of the allowance of $300 which the trial court made to her for attorney fees. The trial court is to be sustained in its allowance of fees unless such allowance is clearly unreasonable as it is to be sustained in other findings of fact unless the finding is against the great weight and clear preponderance of the evidence. There was a trial of the Orvis claim in county court and argument of the law to that court. That the question was a difficult one is amply established by the able trial court's decision in opposition to the one which we later reached. Then followed the successful appeal from the allowance of the claim. The amount involved was $3,090. The difficulty of the question, the result obtained, and the benefit to the estate are matters to be considered, as well as the actual time devoted by the attorney to the case. We have had the record before us and under all the circumstances are of the opinion that a fee of $300 cannot be sustained as reasonable compensation for the work done and the successful

result. We conclude that $500 is as low as may properly be designated a reasonable attorney's fee here and the appellant is entitled to reimbursement in no less amount. The order of the trial court will be modified to substitute $500 for the $300 which it had allowed, and $775.98 instead of $575.98 for the total recovery of expenses and attorney's fees by the appellant.

*By the Court.*—Order modified to direct recovery of $500 attorney's fees and a total recovery of $775.98 by petitioner, Amelia Runge, from Edward Schwann as executor of the estate of Bertha Marotz, and, as so modified, the order is affirmed.