WILL OF FEHLHABER: FEHLHABER, Executor, Appellant, vs. MITCHELL, Coexecutor, and another, Respondents.*

*February 8—March 6, 1956.*

\* Motion for rehearing denied, with \$25 costs, on May 1, 1956.

328

For the appellant there were briefs and oral argument by *Orville W. Fehlhaber* of Wausau, *in pro. per.*

For the respondent Esther Fehlhaber Mitchell there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *R. E. Puchner.*

For the respondent state of Wisconsin there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

GEHL, J. A policy of insurance had been issued upon the life of decedent's husband payable to her as beneficiary. He died in 1938 and the widow left the proceeds of the policy on deposit with the insurance company subject to her right to withdraw it. She directed that whatever amount remained on deposit at her death should be paid to her son and daughter in equal shares. She had not withdrawn all of it at the time of her death. In determining the inheritance tax due from her estate the court treated the amount remaining on deposit as a part of the estate. Appellant contends that the court erred in so doing; that it represents insurance exempt from taxation, by virtue of the provisions of sec. 72.01 (7), Stats. It was insurance when paid by the company to the widow but it ceased to have that quality when she deposited the proceeds with the company. Its character was then no different than it would have been had she deposited it in a bank or other institution under the same arrangement which she had made with the insurance company. The court was not in error in treating the item as it did.

Within the two years prior to her death the decedent delivered six notes in the total amount of $3,150 and $2,000 of U. S. treasury bonds to appellant to be held by him and upon her death to be divided between him and his sister. The court treated them as a part of the taxable estate. Appellant contends that this was error. We consider that the gifts are taxable as being intended to take effect at the death of the decedent by virtue of the provisions of sec. 72.01 (3) (b), Stats., which are as follows:

"When a transfer is of property, made without an adequate and full consideration . . . by . . . gift, intended to take effect in possession or enjoyment at or after the death of the . . . donor, . . ." such gifts are taxable.

Appellant established by his own testimony that none of these securities was to reach the donees until after the mother's death and that they were gifts made without consideration. The trial court properly included them as assets of the estate for inheritance-tax purposes.

The appellant is an attorney. He was allowed $1,800 for "half of executors' statutory commissions, per diem, extraordinary executor's and attorney's fees" found by the court to be a reasonable and proper fee. His demand was for $2,245 attorney's fees and three fourths of $873, or $655, executor's fees. The amount of $873 for executor's fees is the most properly allowable to the executors under the statute. Assuming, as he claims, that he should have been allowed three fourths of the latter figure he would still have been allowed $1,146 for "extraordinary executor's and attorney's fees." It must be supposed that the additional allowance was made solely under the authority of sec. 317.08, Stats., which prescribes the amounts allowable for executor's fees and that there may be awarded "such further sums in cases of unusual difficulty or extraordinary services as the county court shall judge reasonable." This follows from the fact that—

"In the absence of statute, the general rule is that where a lawyer becomes executor or administrator, his compensation as such is in full for his services, although he exercises his professional skill therein; and even if he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorneys' fees. This rule is one of public policy, grounded upon the principle that a trustee shall not place himself in a situation where his interests conflict with his duty as fiduciary." 21 Am. Jur., Executors and Administrators, p. 679, sec. 532.

Certainly we may not say that the allowance for extraordinary services is inadequate, particularly in view of the fact that this matter involved little more than routine probate procedure and, other than the dispute regarding inheritance taxes, no litigation except that resulting from the appellant's claims involving his own personal fortune. The finding of the trial court that the allowance of $1,800 is reasonable finds more than ample support in the record and we may not disturb it.

Shortly after the mother's death appellant and his sister had a conversation regarding the rental and sale of the homestead left by her. He testified that he told his sister that he was desirous of buying the home; that he paid her $500 toward the purchase price but that they had not been able to agree on a price; that at the same time they agreed that he would occupy the house, that $110 per month was a fair rental value, and that he would pay her $55 per month as her share of the rent. He sought to establish that under the arrangement he was to occupy only one half of the house and that the other half was held available for her occupancy, but upon the disputed testimony the court found that his occupancy was exclusive. He testified that he left a home of his own when he went into possession of the mother's residence but refused to disclose "what he rents his home for."

On or about March 1, 1954, appellant moved into the home and sent his sister a check for $55. He continued to occupy the house but has paid the sister nothing since. The court charged him in the account filed by his coexecutrix, which was treated by the court as correctly stating the amounts chargeable to the executors and to be credited to them, with an item of $1,815 for the use of the home. Appellant contends that as a cotenant with his sister he is not to be charged for the use of the property. On the other hand, the sister contends that he must be held to account for his use

by virtue of the provisions of sec. 317.03, Stats., which are as follows:

"When any executor . . . shall use or occupy any part of the real estate of the decedent he shall account for such use or occupancy."

Neither view is correct. He did not take possession as an executor nor, so far as the interest of his sister in the property is concerned, as an heir or devisee. As to his sister's interest in the property he became her tenant and entered into an agreement to pay her $55 per month. His liability on that account, established by his own testimony and not controverted, is to his sister, not to the estate. The court was therefore in error in charging him in the executors' account for the use of the premises.

Respondent contends that she should be allowed her costs and attorney's fees on this appeal. The matter of costs is one for the exercise of our discretion. We hold that under the circumstances they should be taxed against appellant personally. She cites, as authority for her contention that she be allowed attorney's fees for the appeal, sec. 324.13 (1), Stats., which provides as follows:

"In a contest upon the probate of any will, or in relation to any trust created therein, or for the allowance of any account required of an executor or trustee, the court may, if the contest is necessary or meritorious, allow to the proponent of such will and to the successful contestant in such proceedings a reasonable attorney's fee to be paid out of the estate of the decedent; and the court may allow to the proponent if successful on his appeal or to such contestant if finally successful on appeal a reasonable attorney's fee for services on such appeal to be paid out of said estate."

We agree that the statute gives us the power to make an allowance for an attorney's fee. It does not, however, authorize us to charge the amount allowed against the share in the

estate of the appellant; it is to be observed that the statute requires that the allowance "be paid out of the estate." We consider $475 a reasonable allowance for attorney's fees and that it should be made.

*By the Court.*—The order determining inheritance tax is affirmed. The judgment allowing the final account is modified so as to include therein an order striking from the account the item "rent chargeable to O. W. Fehlhaber by court order dated 7/15/51, $1,815" and, as so modified, is affirmed. $475 is allowed to the respondent Esther F. Mitchell for attorney's fees in this court. Costs upon the appeal to be taxed against appellant personally.