Estate of Ehlen: Ahrens, Appellant, v. Wengert, Imp., Respondent.

*November 27, 1962—January 8, 1963.*

For the appellant there were briefs and oral argument by *Clarence J. O'Brien* of Milwaukee. · · .

For the respondent there was a brief and oral argument by *Robert E. Mullins* of South Milwaukee.

DIETERICH, J. The petition for allowance of the final account of Eugene Wengert, administrator *de bonis non* of the estate of Emilie Ehlen, was filed on June 3, 1960, in the Milwaukee county court in probate.

The gross appraised value of the estate was $22,082.22. The account reveals that the administrator *de bonis non* received the amount of $15,000 from the sale of the real estate located in South Milwaukee and the amount of $2,607.40 in personal property from the previous administrator resigned.

The administrator's fees were computed under the provisions of sec. 317.08, Stats. 1959.[1]

The administrator *de bonis non* fees were listed in the final account at $400 and the attorney fees at $920.

Under date of July 6, 1960, Margaret Ann Ahrens, wife of Edwin C. Ahrens, deceased, sole legatee and executrix of the estate of Edwin, filed objections to the allowance of the final account, including the following:

---

[1] "ALLOWANCES TO EXECUTORS AND ADMINISTRATORS FOR EXPENSES AND SERVICES. When no such compensation is provided by the will or the executor renounces all claims thereto he shall be allowed unless derelict in his duty all necessary expenses in the care, management, and settlement of the estate and for his services $10 per day for actual time required and consumed, and commissions upon the amount of personal estate collected and accounted for by him and the proceeds of real estate sold under an order of the county court for the payment of debts or legacies as follows: For the first $1,000 at the rate of five percent; for the next $19,000 at the rate of one percent; for all above the sum of $20,000 at the rate of two percent; and such further sums in cases of unusual difficulty or extraordinary services as the county court judges reasonable. The same provision for compensation shall apply to administrators."

"1. To . . . administrator's fees, *de bonis non,* in the amount of $400, for the reason that the amount so charged is excessive in view of the services rendered by . . . original administrator.

"2. To item of $920 for Robert E. Mullins, attorney fees, for the reason that:

"(a) The amount charged is excessive.

"(b) The item is not an allowable or proper credit to the administrator *de bonis non* because it was his duty as an attorney to have performed the services himself.

"(c) Since Robert E. Mullins was the personal attorney for Lora E. Zimmer, sister of said deceased and heir to one half of the estate, any attorney fees for Mr. Robert E. Mullins should be paid for personally by Lora Zimmer and not made a charge against the estate."

The appellant contends that the fee credit of $400 claimed by the administrator *de bonis non* should be disallowed because he was derelict in his duties in not keeping proper account of time and services rendered and did not discharge his duties as a fiduciary and delegated most of the administration of the estate to his attorney who was the attorney for one of the heirs. Under sec. 317.08, Stats., the fees awarded to an administrator are mandatory unless he is derelict in his duties.

Wengert testified, referring to a memorandum, that he had made six court appearances, including his immediate appearance and expected to make one more. He said that he had numerous conferences with counsel and other interested parties and made many phone calls. He further testified that he spent twenty days in administering the estate.

The trial court in its memorandum decision determined that the $400 allotted in the final account for administrator's fees was "fair and very reasonable compensation."

It is apparent from the record that the administrator *de bonis non* was not derelict in his duties and under the facts in this case the administration fees were reasonable.

The appellant further contends that since the administrator *de bonis non* was an attorney he should have acted in both capacities, that is, as administrator and attorney for the estate. This contention is based upon the fact the prior administrator acted in such dual capacity. This contention of the appellant is without merit for the reason that although an attorney may act in a dual capacity of executor-administrator and attorney, it is not incumbent that he do so. The general rule is that where a lawyer becomes executor or administrator, his compensation as such is in full for his services, although he exercises his professional skill therein; and although he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorney fees. *Will of Fehlhaber* (1956), 272 Wis. 327, 330, 75 N. W. (2d) 444. There is no requirement that an administrator act as attorney for the estate without compensation merely because he is qualified to do so.

The appellant's objection to the credit claim of $920 in the administrator's *de bonis non* account for attorney fees is based upon the fact that it is not itemized and is not substantiated by testimony taken at the hearing on the final account.

It is apparent from the record that the attorney fees paid by Wengert were computed according to the State Bar schedule of minimum fees and were based upon the appraised value of the entire estate. The State Bar schedule is five percent on the first $10,000, which amounted to $500 and three and one-half percent on the remaining $12,082.22, which is $422.88, making a total of $922.88. The trial court allowed and approved the fee paid to the attorney for the administrator *de bonis non* in the amount of $920 on the basis that it was "fair and very reasonable."

That the trial court considered that the attorney had performed extraordinary services is indicated in its memorandum decision, which states:

"The court has examined the file in this proceeding, has considered the testimony offered by the administrator in support of his final account, and has considered the testimony offered by the objector to the final account.

"It is obvious from examination of the file and from the testimony taken, that the feelings between parties interested in this estate were not good; that by reason of that fact, the work of the administrator and of the attorney for the estate has necessarily been increased."

The appellant also contends that the record is clear that the attorney for the administrator *de bonis non* was representing the interest of Lora Zimmer, sister of Edwin C. Ahrens, deceased, at the time she filed the petition for administration of the Emilie Ehlen estate, and that he represented her throughout the proceedings until he became the attorney for the estate. The record fails to disclose a substitution of attorneys for Lora Zimmer in the estate proceedings. Therefore, appellant contends a conflict of interest arose and under such circumstances the attorney for the administrator *de bonis non* was not entitled to fees as attorney for the estate.

Lora Zimmer and her brother, Edwin C. Ahrens, shared equally in the estate and the only conflict disclosed by the record, as found by the trial court, and confirmed upon our review of the testimony, was a conflict of personalities. There was no dispute with respect to the division of the estate. At no point in the probate proceedings of the estate did the interest of the two heirs differ. Under these circumstances the attorney for the estate and Lora Zimmer was never in the position of representing conflicting interests.

The experienced probate judge had the record of the entire proceedings before him, and also was acquainted with the circumstances surrounding the case. Likewise he was informed as to the amount of fees paid to the prior administrator at the time he approved and set the fees for

the attorney of the administrator *de bonis non* at the State Bar minimum-fee schedule.

As a general rule the trial court is to be sustained in its allowance of fees for administrator and attorney, unless such allowance is clearly unreasonable. *Estate of Marotz* (1953), 263 Wis. 99, 56 N. W. (2d) 856, and *Will of Leonard* (1930), 202 Wis. 117, 230 N. W. 715.

We determine that the administrator *de bonis non* fees and the attorney fees allowed by the trial court are reasonable. Therefore, the intermediate order allowing the final account of the administrator *de bonis non* and the judgment entered therein are affirmed.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.

FAIRCHILD, J. (*dissenting*). The allowance of the attorney's fee seems to be based simply on the amount involved and the Bar schedule. Yet this attorney did only a part of the legal work, some portion of it having been done by the original administrator. The record does not show that the attorney now being compensated was required to perform extraordinary services to such an extent as to balance the services which he was not called upon to perform because they had been done by another.