IN RE the ESTATE OF Lyle W. CLATT, Deceased:

Berton D. SHERMAN, Appellant-Cross Respondent,

v.

Don HAGNESS, Henry Clatt, Jr., Ann Smith, Eilene
Ryan, Emily Gibson, Estella Ernst, Ellen Hayes,
James Clatt, Robert Clatt, Estate of Chawney
Neumann, and Betty Touchette, Respondents-Cross
Appellants.

Court of Appeals

*No. 94–2089. Submitted on briefs April 6, 1995.—Decided
June 8, 1995.*

(Also reported in 536 N.W.2d 133.)

225

For the appellant-cross respondent the cause was submitted on the briefs of *Robert A. Olsher* of *Sherman, Olsher & Sherman* of Black River Falls.

For the respondents-cross appellants the cause was submitted on the brief of *Robert L. Loberg* of *Swanson & Loberg* of Ellsworth.

Before Eich, C.J., Sundby and Vergeront, JJ.

SUNDBY, J. This is an appeal by the personal representative/attorney of the estate of Lyle W. Clatt from an order determining his fees. His appeal requires that we construe § 857.05(3), STATS., which permits the probate court to allow the personal representative to receive executor's commissions or attorney fees, or both. The personal representative in this case, who was also an attorney, charged $100 an hour for all services provided the estate. The trial court allowed him the executor's commission computed under § 857.05(2) for his services as personal representative and $100 an hour for his legal services. We conclude that the trial court correctly determined the appellant's fees and affirm the order.

Section 857.05(3), STATS., provides:

> If the personal representative or any law firm with which the personal representative is associated also serves as attorney for the decedent's estate, the court may allow him or her either executor's commissions, (including sums for any extraordinary services as set forth in sub. (2)) or attorney fees. *The court may allow both executor's commissions and attorney fees, and shall allow both if the will of the decedent authorizes the payments to be made.*

(Emphasis added.)

Clatt's will appointed his uncle personal representative of his estate. His will further provided that if his uncle did not so act, "I appoint BERTON D. SHERMAN, Attorney, of Black River Falls, Wisconsin, personal representative, also to serve without bond." Clatt's uncle died and Sherman acted as attorney for Clatt's estate as well as personal representative. Clatt's will did not authorize the court to allow both executor's commissions and attorney fees to Sherman if

he acted as attorney as well as executor of Clatt's estate.

Sherman submitted a bill to the estate for his services from September 13, 1988, to the 1993 closing, computed at $100 per hour. He did not attempt to separate services he performed as attorney from the services he performed as personal representative. However, he voluntarily reduced his fees $5,000.

The residual beneficiaries of the estate petitioned the probate court for review of Sherman's attorney fees under § 851.40, STATS., and his fees as personal representative pursuant to § 857.05, STATS. Section 851.40(2) provides that any beneficiary under a will may petition the court to review whether attorney fees charged the estate are "just and reasonable."

The trial court agreed with the residual beneficiaries that many of the services Sherman performed were services customarily performed by the personal representative. For those services, the trial court allowed Sherman two percent on the inventory value of the property for which he as personal representative was accountable, computed as provided by § 857.05(2), STATS. The court also approved Sherman's attorney fees computed by excluding the services he performed as personal representative. The court allowed Sherman a fee of $100 per hour for legal work performed. The probate court therefore exercised its discretion under § 857.05(3), and allowed Sherman to recover both the executor's commissions and attorney fees.

The legislature recognized that a personal representative would have to retain an attorney to perform the legal services necessary in the care, management and settlement of an estate. The language we have emphasized in § 857.05(3), STATS., simply recognizes that it may be more efficient and less expensive to have

an attorney act as personal representative as well as attorney for the personal representative. However, the emphasized language does not authorize the probate court to allow an attorney who serves in both capacities compensation at his or her usual billing rate for all services. We do not believe the legislature intended that result.

Section 857.05, STATS., was created by Laws of 1969, ch. 339. The comment to that section reads: "This section is based upon present s. 317.08. Sub. (2) has been changed so that the percentage rate is increased somewhat and per diem charge is eliminated. Sub. (3) is new *and codifies existing case law and increases court discretion.*" (Emphasis added.) The increase in the probate court's discretion modified the rule stated in *Estate of Ehlen*, 18 Wis. 2d 400, 404, 118 N.W.2d 877, 879-80 (1963), where the court said:

> The general rule is that where a lawyer becomes executor or administrator, his compensation as such is in full for his services, although he exercises his professional skill therein; and although he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorney fees.

(Citing *Will of Fehlhaber*, 272 Wis. 327, 330, 75 N.W.2d 444, 446 (1956)). In a decision reported shortly after § 857.05(3) became effective, the Wisconsin Supreme Court ruled that the probate judge "was free to allow" executor's commissions and attorney fees. *Estate of Philbrick*, 68 Wis. 2d 776, 783, 229 N.W.2d 573, 577 (1975). The dual fee does not, however, empower the probate judge, in his or her discretion, to allow the attorney who also serves as personal representative to

bill the estate at his or her customary hourly rate for all services. We believe it is still the law that, "[i]n probate proceedings the compensation for legal services rendered should be limited to those of a strictly professional character." *Will of Willing*, 190 Wis. 406, 416, 209 N.W. 602, 606 (1926). The attorney's services as personal representative shall be compensated as provided in § 857.05(2).

We therefore conclude that the probate court correctly construed § 857.05(3), STATS., and properly exercised its discretion when it limited Sherman's compensation for his services as personal representative to the fee allowed under § 857.05(2).

*By the Court.*—Order affirmed.